# KUALANA (w.) *vs.* YONG YOUNG.

## EXCEPTIONS.

### HEARING, SEPTEMBER 18, 1893. DECISION, OCTOBER 19, 1893.

### JUDD, C.J., BICKERTON AND FREAR, JJ.

The District Court, in an action for summary proceedings for possession of land, overruled defendant's plea of title and rendered judgment in favor of plaintiff for possession of the land, whereupon defendant noted an appeal to the Circuit Court without a jury and remained in possession of the land, but did not file a bond to pay the rent that might accrue after the appeal;

Held, That the contention of the defendant that his plea of title should be sustained, and that the District Court had not jurisdiction to hear the case, did not obviate the necessity of his filing the bond required by the statute, it appearing to this Court that the case was one within the jurisdiction of the District Court under the statute for summary proceedings to recover possession of land.

### OPINION OF THE COURT, BY JUDD, C.J.

Kualana filed her complaint with the District Court of Koolaupoko, Oahu, on the 22d March, 1893, claiming "that Yong Young, defendant, is in possession of lands of plaintiff situate in Heeia, Koolaupoko, described in Royal Patent No. 1027 by virtue of a lease to.........for......years from .........at a rental of.........dollars per annum; that the interest of said........in said lease has been transferred to the defendant; that the term of said lease has terminated by the efflux of time, and that the rent upon the termination of said lease was in arrears and unpaid and said defendant holds the said premises unlawfully and against the rights of the plaintiff, wherefore the plaintiff prays judgment for the restitution of said premises and for costs."

The District Court heard the case on the 1st April.

Defendant, through counsel, asserted orally that he had title to the land and asked that the magistrate decline jurisdiction. Which plea was overruled and upon evidence taken on both sides, the District Court rendered judgment on the 11th May that plaintiff should have possession of the land.

An appeal was noted by defendant in writing on the 12th May to the Circuit Court, First Circuit, waiving the jury, but no bond for rent to accrue after the appeal was filed, though the defendant remained in possession of the land. The Statute, Sec. 949, Civil Code, prescribes that "where the defendant is proceeded against for non-payment of rent, and the justice decides that the plaintiff should have possession, the defendant shall not be allowed to keep possession and take his appeal, unless he first gives a bond to the plaintiff with good and sufficient surety or sureties to pay all rent that may accrue and become due after the appeal, provided it shall be finally determined that the plaintiff was entitled to the possession."

The plaintiff moved on the 23d June in the Circuit Court to dismiss the appeal on the ground of there being no certificate of appeal showing notice of appeal and because no bond was filed. The motion was granted and exceptions were taken and allowed to this Court.

The counsel for defendant contends that no bond was required of him because this was a case which was not within the jurisdiction of the District Court, the defendant having alleged title in the land in himself.

Section 10 of the Act to Reorganize the Judiciary Department provides that the District Courts "shall not have cognizance of real actions nor actions in which the title to real estate shall come in question." But we do not understand, nor was it contended, that this ousts the District Courts of the jurisdiction conferred upon them by Secs. 939 to 952 of the Civil Code entitled, "Art. XL. of summary proceedings to recover possession of land in certain cases." The right of possession is in issue in such cases and not the title. After the judgment of the lower court

entertaining jurisdiction of the case and awarding possession to the plaintiff, the defendant took the risk of his appeal to the Circuit Court being dismissed by not filing the bond required. If it should appear that the District Magistrate was wrong and the case was not in his jurisdiction, the case would be dismissed by this Court and no harm would have been done him by his having filed the bond. But if the case should turn out to be one of which the magistrate had jurisdiction, then the lack of the bond would be fatal to his appeal to the Circuit Court and the case could not be tried on its merits in that court.

From the admissions of counsel and from what appears in the transcript sent up from the lower court, we are of opinion that the case was one of which the District Court had jurisdiction. We only look into the record far enough to see if the case was one within the statute of summary proceedings to recover possession of land, and we find that the plaintiff contended that the lease she had made had either expired or had been surrendered. Defendant claimed that he held a valid unexpired lease from plaintiff. This shows clearly that the question for the lower court to decide was respecting the validity and existence of certain leases, and that defendant did not claim title in the land except as a tenant of the plaintiff whose ownership he did not deny.

The cause being within the jurisdiction of the District Court, the Circuit Court was right in dismissing the appeal for want of the statutory bond.

Exceptions overruled.

*J. A. Magoon,* for plaintiff.

*W. R. Castle,* for defendant.